IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER,<br><br>              Plaintiff,<br><br>     vs.<br><br>RMH FRANCHISE, and APPLEBEE'S &<br>ASSOCIATES,<br><br>              Defendants. | **8:23CV116**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1.  Plaintiff,

a non-prisoner, filed a Motion for Leave to Proceed in Forma Pauperis.  Filing No. 4.

Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to

proceed in forma pauperis.  The Court is also required to conduct an initial review of

prisoner and in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff brings this action against his former employer RMH Franchise and

Applebee's & Associates ("Defendants"), which employed Plaintiff from June or July 2022

to December 2022.  Plaintiff states that he brings this action under Neb. Rev. Stat. § 20-

148, Filing No. 1 at 1, but does not specify the nature of his claim.  Plaintiff alleges that

he is a 56-year-old black man and a religious man with an exceptional work ethic. *Id.*

Plaintiff alleges he was terminated for several "instances" that subjected him to racism

and bigotry, that he was treated differently, and that non-black managers held Plaintiff to

a standard that was "unreasonable and not in any regards EQUAL to how anyone else

was subject OTHER THAN MYSELF." *Id.* (emphasis in original).

As best the Court can tell from Plaintiff's Complaint and the attached text messages and employment records, Plaintiff alleges the managers treated him unfairly when they brought back an employee who Plaintiff refused to work with, *id.* at 2; scheduled Plaintiff to work on Veteran's Day, *id.*; and lied to Plaintiff about his wages, *id.* Plaintiff did not request specific relief, but states that he will provide further documentation in an "amendment to follow with applicably addressed document in substantiation of timeline." *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS OF COMPLAINT

### A. Claims Under Nebraska Law

Plaintiff purports to bring this action under Neb. Rev. Stat. § 20-148. *See* Filing No. 1 at 1 (citing § 20-148). Section 20-148 of the Nebraska Revised Statutes provides:

> (1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.
>
> (2) The remedies provided by this section shall be in addition to any other remedy provided by Chapter 20, article 1, and shall not be interpreted as denying any person the right of seeking other proper remedies provided thereunder.

Neb. Rev. Stat. § 20-148. Assuming Plaintiff intended to seek relief pursuant to Neb. Rev. Stat. § 20-148, his Complaint fails to state a claim upon which relief can be granted under that statute.

As the Nebraska Supreme Court has explained, "§ 20–148 is a procedural statute which does not create any new substantive rights." *Goolsby v. Anderson*, 549 N.W.2d 153, 157 (Neb. 1996). The Eighth Circuit Court of Appeals has similarly stated:

> "[Section 20-148] does not purport to create new causes of action or rights but merely provides a civil avenue of recovery for violations of constitutional or statutory civil rights provisions. Section 20–148 does not create a civil remedy for conduct which would violate the *concept* or *spirit* of a constitutional or statutory provision *but for* the absence of a jurisdictional fact. Rather it provides a civil remedy for violations of constitutional or statutory right. Therefore, the plaintiffs can succeed on these causes of action only if the pertinent constitutional provisions were actually violated."

*Ritchie v. Walker Mfg. Co.*, 963 F.2d 1119, 1122 (8th Cir. 1992) (quoting *Jim Ritchie, et al. v. Walker Mfg. Co.*, No. CV90-L-329, 1991 WL 337615 (D. Neb. Jan. 4, 1991) (emphasis in original)).

Here, even construed liberally, any purported claim under Neb. Rev. Stat. § 20-148 would be premised on Plaintiff's claim that Defendants violated his federal due process and equal protection rights. The Fourteenth Amendment of the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *see also Thomas v. City of St. Paul*, 526 F. Supp. 2d 959, 967 (D. Minn. 2007), *aff'd*, 321 F. App'x 541 (8th Cir. 2009) ("To establish a prima facie violation of the equal protection clause on the basis of discrimination, there must be state action."). Plaintiff's Complaint contains absolutely no allegations suggesting that Defendants' actions could be characterized as "state action." Rather, by all indications, Defendants are private employers and a

4

restaurant.  Thus, absent state action, the Complaint fails to state a wrongful termination claim, or any other claim, under Neb. Rev. Stat. § 20-148.  *Cf. Dossett v. First State Bank, Loomis, Nebraska*, 627 N.W.2d 131, 139 (Neb. 2001) ("Without a statement of facts to support an allegation of state action, Dossett's petition does not sufficiently plead a cause of action for wrongful discharge brought under § 20-148 for a violation of her state constitutional right to free speech under Neb. Const. art. I, § 5."); *see also Carter v. Stauffers Cafe*, No. 8:23CV105, 2023 WL 2894959, at *2 (D. Neb. Apr. 11, 2023) (dismissing Plaintiff's claims under § 20-148 for failing to allege former employer was a state actor).

Plaintiff's Complaint could also be liberally construed as asserting a claim under Neb. Rev. Stat. § 20-148 for violations of the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001–1010, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126.  *See Hassler v. Alegent Health*, 198 F. Supp. 2d 1108, 1111 (D. Neb. 2002) ("Section 20–148 provides an independent cause of action for violations of the NFEPA.") (citing *Parrish v. Immanuel Med. Ctr.*, 92 F.3d 727, 734 (8th Cir.1996); *Goolsby*, 549 N.W.2d at 158).  Because any such claims would be entirely based on state law, this Court would lack subject matter jurisdiction over them.[1]  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Wiseman v. Keller*, 358 N.W.2d 768, 772 (Neb. 1984) (because § 20-148 "is silent as to allowing suit in federal court and the legislative history indicates it was

---

[1] The Court also will not exercise its supplemental jurisdiction over Plaintiff's Nebraska state-law claims if he is unable to state a claim under federal law.  28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

intended as a state remedy, we conclude that even if the statute permitted suits against the state, that suit could only be brought in state court").  Additionally, as discussed below, the Complaint fails to allege a plausible claim for discrimination under either the NADEA or the NFEPA.

## B.  Employment Discrimination Claims

Liberally construed, Plaintiff's action could be interpreted to assert a federal employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  To the extent the Complaint could also be construed as raising state-law employment discrimination claims under the NADEA and NFEPA, the same analysis would govern Plaintiff's claims under the ADEA and the NADEA, *see Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002), and Title VII and the NFEPA, *see Leiting v. Goodyear Tire & Rubber Co.*, 117 F.Supp.2d 950, 955 (D. Neb. 2000); *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999). The Complaint, however, fails to allege that Plaintiff has exhausted his administrative remedies as required and fails to allege sufficient facts to state plausible discrimination claims.

### 1.  Timeliness and Exhaustion of Remedies

To pursue discrimination and retaliation claims under Title VII and the ADEA, a plaintiff must exhaust all administrative remedies.  To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC").  29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); *see also Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th

6

Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

For an administrative charge to be "timely," the employee must either file it with the EEOC within 180 days of the alleged unlawful employment practice, or file it with a state or local agency within 300 days of the alleged unlawful practice. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(1). In Title VII and ADEA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff has not alleged whether he has pursued any administrative remedies by filing a charge of discrimination with the EEOC or the NEOC, let alone whether he has exhausted his administrative remedies and received a right-to-sue notice. Thus, the Court cannot confirm whether Plaintiff has exhausted his administrative remedies and filed his Title VII and ADEA claims in a timely manner in this Court.[2]

## 2. Sufficiency of the Complaint

The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with

---

[2] To be clear, this exhaustion requirement would also apply to any claim asserted *solely* under the NFEPA or the NADEA. The exhaustion requirement would not apply to NFEPA or NADEA claims asserted under Neb. Rev. Stat. § 20-148. *See Scott v. Concrete Supply, Inc.*, No. 8:17CV361, 2018 WL 922183, at *3 (D. Neb. Feb. 15, 2018) ("If a plaintiff's NFEPA claims fall under Neb. Rev. Stat. § 20-148, the plaintiff does not have to exhaust administrative remedies with respect to those claims." (footnote omitted)); *Goolsby*, 549 N.W.2d at 158 (pursuant to § 20-148, a plaintiff can pursue claims under the NFEPA "in state district court without first exhausting her administrative remedies").

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A prima facie case of discrimination requires that the plaintiff '(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)).

Even liberally construed, Plaintiff's Complaint does not allege a prima facie case of discrimination under either the ADEA or Title VII. Plaintiff alleges that he is over 40 years old, is black, and holds certain religious beliefs, but Plaintiff does not describe any circumstances that would give rise to an inference of discrimination based on his age, race, or religion. He alleges only that he was terminated for "instances" that impacted who he worked with, when he worked, and what his paycheck would be. Filing No. 1 at 1-2. Even construed liberally, these allegations do not support a reasonable inference that Defendant is liable for racial, religious, or age discrimination, nor do they provide fair notice of the nature and basis or grounds for Plaintiff's discrimination claim.

However, on its own motion, the Court will provide Plaintiff with the opportunity to amend his Complaint to (1) sufficiently allege Title VII and ADEA claims against

Defendant and (2) to allege whether he exhausted his administrative remedies with the EEOC/NEOC with respect to his Title VII and ADEA claims and, if so, the date on which he received a right-to-sue notice.  Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff on the basis of his age, race, and/or religion, to the extent such facts can be credibly alleged.  Plaintiff should also describe any adverse employment action taken against him.

## V.  CONCLUSION

As it stands, Plaintiff's Complaint fails to allege a claim against Defendants upon which relief may be granted.  On its own motion, the Court gives Plaintiff leave to file an amended complaint (1) to sufficiently allege Title VII and ADEA claims and (2) to allege whether he exhausted his administrative remedies with respect to his Title VII and ADEA claims.  Plaintiff may also reassert any of his state-law claims in his amended complaint and include additional factual allegations to address the deficiencies identified by this Court, to the extent such facts can be credibly alleged.  However, if Plaintiff is unable to allege a plausible claim for relief under either Title VII or the ADEA, i.e. federal law, then the Court will decline to exercise its supplemental jurisdiction over any of Plaintiff's state-law claims, and such claims will be dismissed without prejudice to Plaintiff's reassertion of his state-law claims in state court.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion to Proceed in Forma Pauperis, Filing No. 4, is granted.

2.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to

Plaintiff.   In his amended complaint, Plaintiff must comply with federal pleading requirements.   Plaintiff should be mindful to describe how Defendants discriminated against Plaintiff on the basis of his age, race, and/or religion, and should identify any adverse employment action taken against him, to the extent such facts can be credibly alleged.  To that end, Plaintiff may use the enclosed form civil complaint for employment discrimination if he so chooses.

3.      In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.      The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5.      The Clerk of the Court is directed to send to Plaintiff the Pro Se 7 Form Complaint for Employment Discrimination.

6.      The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 18, 2023**: amended complaint due.

Dated this 18th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge