IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER,<br><br>                Plaintiff,<br><br>vs.<br><br>RMH FRANCHISE, and APPLEBEE'S & ASSOCIATES,<br><br>                Defendants. | 8:23CV116<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's Motion for Appointment of Counsel, Filing No. 7; and Motion for Court to Subpoena Records in Support of Futility of EEOC/BBB Exhaustion, Filing No. 8. On July 18, 2023, the Court ordered Plaintiff to file an amended complaint within 30 days or face dismissal of this action. Filing No. 6. To date, Plaintiff has not filed an amended complaint.

      Instead, Plaintiff has filed a motion seeking the appointment of counsel. Filing No. 7. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Although Plaintiff's Complaint failed to state a claim upon which relief could be granted, his pleading was coherent and showed he has a basic understanding of law and procedure. As stated in the Court's previous Memorandum and Order, Plaintiff asserted only state law claims. Or, if construed broadly as discrimination claims under Title VII, Plaintiff failed to show he exhausted his administrative remedies. Plaintiff's Motion for Appointment of Counsel shows he understood the Court's instructions but requested counsel to understand the best strategy to state his claims. See Filing No. 7 at 1-2. Plaintiff provides no additional facts to support his claims. Even with a liberal construction, the Court finds no need to appoint counsel in these proceedings.

Plaintiff also seeks a subpoena to obtain records from the EEOC/NEOC in an unrelated case filed in this Court, *Carter v. Tomlinson Restaurant Group, et al.*, No. 8:21-CV-227, and in an unrelated case Plaintiff filed in Nebraska state court. Plaintiff seems to indicate that records from Plaintiff's prior cases will show that it would be futile to bring his claims before the EEOC/NEOC in this case. See Filing No. 8 at 1. Plaintiff asserts the evidence he submitted in prior cases was "as clear as some evidence that sent [him] to prison" but the EEOC/NEOC rejected his evidence, which demonstrates the ineffectiveness of the EEOC/NEOC. Filing No. 8 at 1. Evidence that Plaintiff pursued administrative remedies in other cases does not excuse the requirement that he pursue his administrative remedies in this case. See *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of" an action under Title VII in federal court). Accordingly, Plaintiff's Motion will be denied.

IT IS THEREFORE ORDERED that:

2

1. Plaintiff's Motion to Appoint Counsel, Filing No. 7, is denied,

2. Plaintiff's Motion for Court to Subpoena Records in Support of Futility of EEOC /BBB Exhaustion, Filing No. 8, is denied;

3. This matter is dismissed without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this Court's orders; and

4. The Court will enter judgment by a separate document.

Dated this 29th day of March, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge